IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY W. WILLIAMS,

        Petitioner,

                              CIVIL ACTION
    vs.                            No. 11-3002-SAC

                      , et al.,
STATE OF KANSAS


        Respondents.


MEMORANDUM AND ORDER


    This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee.

**Background**

    The court has developed this statement of facts from the petition and attachments submitted by the petitioner and on on-line records maintained by the Kansas appellate courts.[1]

    Petitioner was convicted in the District Court of Sedgwick County, Kansas, pursuant to his guilty plea to one count of illegal possession of pseudoephedrine and one count of possession of methamphetamine after a prior conviction. The plea

---

[1]http://judicial.kscourts.org

agreement provided the district attorney would recommend that the counts be served concurrently and would recommend a sentence of ten years on count one and six years on count two.

In May 2002, the state district court sentenced petitioner to concurrent sentences of 169 months on the count of illegal possession of pseudoephedrine and 138 months for possession of methamphetamine following two convictions.

Petitioner did not appeal, but approximately six months later, on December 4, 2002, he filed a motion to modify his sentence. At a hearing, the sentencing court imposed concurrent sentences of 169 months on the count of possession of metham- phetamine after two prior convictions and 11 months on the count of illegal possession of pseudoephedrine.

Petitioner unsuccessfully appealed that sentence. *State v. Williams*, No. 90,473, unpublished opinion filed July 30, 2004. The Kansas Supreme Court denied review on March 1, 2005.

In August 2008, petitioner, proceeding with counsel filed a "Motion to enforce plea agreement and request resentencing or, in the alternative, allow Mr. Williams to withdraw his plea." The district court denied the motion, finding the issues had been decided in earlier proceedings. The Kansas Court of Appeals affirmed the denial of relief. *State v. Williams*, No. 102,041, unpublished opinion filed June 25, 2010. The Kansas

Supreme Court denied review on September 10, 2010.

## Discussion

The limitation period for filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 is one year. 28 U.S.C. §2244(d)(1). The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the limitation period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. 2244(d)(2).

Having examined the record, the court is considering the dismissal of this matter as time-barred. At a minimum, the present record shows a gap of more than two years between March 2005, when the Kansas Supreme Court denied review in petitioner's appeal from his sentence, to August 2008, when petitioner filed a motion to enforce the plea agreement, or, alternatively, to allow him to withdraw his guilty plea.

Unless petitioner can establish some basis for tolling during that period, this matter was not filed within the limitation period and is subject to dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including March 10, 2011, to show cause why this

matter should not be dismissed due to petitioner's failure to file this matter within the one-year limitation period applicable to an action under 28 U.S.C. § 2254. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the petitioner.

A copy of this Memorandum and Order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 10th day of February, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge