IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY W. WILLIAMS,

                    Petitioner,

                                        CIVIL ACTION
          vs.                           No. 11-3002-SAC

STATE OF KANSAS, et al.,

                    Respondents.


MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by a prisoner in state custody.  By an earlier order, the court directed petitioner to show cause why this matter should not be dismissed as barred by the one-year limitation period under 28 U.S.C. § 2244(d).  Petitioner filed a timely response, and this matter is ripe for review.

**Background**

Petitioner entered a guilty plea on February 26, 2002, to one count of possession of pseudoephedrine and one count of possession of methamphetamine.  He was sentenced on April 30, 2002, and did not file a direct appeal.

On December 4, 2002, he filed a motion to modify sentence. After a hearing, the sentencing court imposed a modified

sentence.  Petitioner appealed, and the Kansas Court of Appeals denied relief on July 30, 2004.  The Kansas Supreme Court denied review on March 1, 2005.

More than five years later, in August 2008, petitioner, proceeding with counsel, filed a motion to enforce plea agreement in the sentencing court.  The motion was denied.  The Kansas Court of Appeals affirmed that decision in an order filed June 25, 2010.  The Kansas Supreme Court denied review on September 10, 2010.

Due to the five year gap, this court issued an order on February 10, 2011, directing petitioner to show cause why this matter as time-barred.

Petitioner filed a timely response (Doc. 6).  He explains that he retained an attorney to assist him in filing a post-conviction action.  However, the attorney became ill, and petitioner's letters to him went unanswered.  Petitioner later heard from another prisoner that the attorney died.  Some time later, petitioner heard from the attorney's son, also an attorney, who advised petitioner that he would not file anything in the matter.

Petitioner then sought other counsel, who filed the August 2008 motion.

## Discussion

The statute of limitations for a petition filed pursuant to § 2254 is set out in 28 U.S.C. §2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitation period also is subject to equitable tolling. Such tolling is available only in narrow circumstances "when an

inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the conduct of petitioner's post-conviction counsel resulted in the running of the limitation period, as there was no collateral action filed to toll the period of limitation.

However, these circumstances do not permit equitable tolling. In *Allen v. Beck*, 179 Fed. Appx. 548, 2006 WL 1469280 (10th Cir. 2006),[1] the United States Court of Appeals for the Tenth Circuit found that a petitioner whose counsel promised but failed to file a post-conviction action was not entitled to equitable tolling. Noting that there is no constitutional right to counsel in collateral proceedings, the appellate court stated that "'lack of assistance from counsel [is] not sufficient to establish extraordinary circumstances warranting equitable tolling.'" *Allen*, *id*. at *2, (quoting *Marsh*, 223 F.3d at 1220). The court also found that the eight-year gap between the conclusion of Allen's appeal and the filing of the petition for federal habeas corpus did not support a finding that he had diligently pursued his claims.

---

[1] A copy of this unpublished decision is attached.

The *Allen* decision controls the present matter. The failure of petitioner's post-conviction counsel does not allow equitable tolling because petitioner had no constitutional right to legal representation in a collateral attack on his guilty plea and sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And, as in *Allen*, the petitioner's diligence must be considered in light of the five-year period in which there was no obvious activity in his case.

Having carefully considered the record, the court concludes petitioner is not entitled to equitable tolling. This case must be dismissed due to petitioner's failure to commence the action within the one-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is denied as moot.

A copy of this order shall be transmitted to the petitioner.

5

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 21st day of July, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge